# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RENE AGUILAR,** | **Case No.: CV 20-03194-CJC (JCx)** |
| Plaintiff, | |
| v. | **ORDER *SUA SPONTE* REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |
| **FCA US LLC, a Delaware Limited Liability Company, SCOTT ROBINSON CHRYSLER DODGE JEEP RAM, a Business Organization Form Unknown, and DOES 1 through 10, inclusive,** | |
| Defendants. | |

## I. INTRODUCTION & BACKGROUND

On February 4, 2020, Plaintiff Rene Aguilar filed this action in Los Angeles County Superior Court against Defendants FCA US, LLC ("FCA") and Scott Robinson Chrysler Dodge Jeep Ram ("Scott Robinson"). (Dkt. 1-1 [Complaint, hereinafter "Compl."].) Plaintiff alleges that she leased a 2017 Jeep Renegade from Scott Robinson

with engine, fuel system, and electrical defects. (*Id.* ¶¶ 7, 9, 14.) FCA manufactured the vehicle, Scott Robinson leased it, and on "numerous occasions," Plaintiff brought it to "authorized FCA US LLC repair facilities for repair." (*Id.* ¶¶ 13–18.) Based on the alleged defects in her vehicle, Plaintiff asserts a claim against FCA and Scott Robinson for breach of implied and express warranties under the Song-Beverly Consumer Warranty Act. (*Id.* ¶¶ 11–27.)

For purposes of diversity jurisdiction, Plaintiff appears to be a California citizen. (*Id.* ¶ 1.) FCA is a limited liability company organized under Delaware law with its principal place of business in Michigan. (Dkt. 1 [Notice of Removal, hereinafter "NOR"] ¶ 18.) Its sole member is another LLC organized under Delaware law with its principal place of business in Michigan. (*Id.*) The sole member of that LLC is a company organized under the laws of the Netherlands with its principal place of business in London, United Kingdom. (*Id.* ¶ 19.) And the sole member of that company is a publicly traded company incorporated under the laws of the Netherlands with its principal place of business is London, United Kingdom. (*Id.*) Scott Robinson is a California entity.[1] (*Id.* ¶ 21.) On April 6, 2020, FCA removed the action to this Court, invoking diversity jurisdiction.

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to a federal district court only if the federal court would have had original jurisdiction over it. 28 U.S.C. § 1441. Federal courts have diversity jurisdiction over cases between completely diverse parties that involve an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Principles of federalism and judicial economy require courts to "scrupulously confine their

---

[1] Neither the Complaint nor the Notice of Removal offer information as to what specific kind of legal entity Scott Robinson is.

[removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.,* 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."). "The court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *GFD, LLC v. Carter*, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012).

### III. ANALYSIS

FCA contends that Scott Robinson was fraudulently joined and cannot be used to destroy complete diversity. (NOR ¶¶ 21–23.) The Court disagrees. When there is a sufficient showing of fraudulent joinder, a court will not consider the citizenship of the fraudulently-joined party in determining whether there is complete diversity. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). However, "a defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." *Id*. (internal quotations omitted). To establish fraudulent joinder, a defendant must show that the defendant who purportedly destroys complete diversity "cannot be liable on any theory." *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). This is an exacting standard—if there is any possibility a

state court would find that the complaint states a cause of action against the resident defendant, "the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). In other words, for joinder to be fraudulent, the plaintiff must fail to state a cause of action against the resident defendant, and the failure must be "obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Before finding fraudulent joinder, a court must also determine "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 549.

FCA has not shown that Scott Robinson "cannot be liable on any theory" on Plaintiff's warranty claims. *See Ritchey*, 139 F.3d at 1318. Accordingly, it has not met its burden of establishing fraudulent joinder. The Court need only examine Plaintiff's implied warranty claim to reach this conclusion. California Civil Code § 1791.1(a) states an implied warranty of merchantability, including that goods must be "fit for the ordinary purposes for which goods are used." Plaintiff alleges that the car she leased from Scott Robinson had engine, fuel system, and electrical defects. (Compl. ¶ 9.) These alleged defects pose safety and reliability issues sufficient to overcome an assertion of fraudulent joinder. *See Malone v. CarMax Auto Superstores California, LLC*, 2015 WL 3889157, at *7 (C.D. Cal. June 23, 2015) (denying motion to dismiss—which requires a higher showing from the plaintiff than the fraudulent joinder standard—implied warranty of merchantability claim where plaintiff alleged the vehicle jerked and hesitated, and repairs did not correct the problems).

FCA does not explain how Plaintiff's claims against Scott Robinson are so obviously deficient that remand is necessary. Rather, "FCA believes Plaintiff has no intention of prosecuting her warranty claims against Scott Robinson, and only added Scott Robinson as a party in an attempt to defeat diversity," based on the fact that "the

Complaint's allegations show only bare-boned, non-specific allegations as related to Scott Robinson." (NOR ¶ 22.) These conclusory assertions do not come close to meeting FCA's heavy burden of establishing fraudulent joinder. Although the facts underlying Plaintiff's claim are not highly detailed, this potential deficiency—if there is one at all—could easily be cured by granting Plaintiff leave to amend. *See Grancare*, 889 F.3d at 549 (explaining that before finding fraudulent joinder, a court must also determine "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend").

Particularly interesting is the statement in the Notice of Removal that "FCA's counsel's vast litigation experience in opposing these types of cases has been that individual dealerships have not been regularly sued." (*Id.* ¶ 23.) First, FCA's counsel's "vast litigation experience" in other cases says nothing of Plaintiffs' ability to state a cognizable claim in this case. And second, this statement is surprising given that this experience includes at least nine cases in the last year alone where courts in this district have remanded cases because FCA failed to meet its burden to show that a local dealership was fraudulently joined. *See, e.g.*, *Gallardo v. FCA US, LLC*, 2020 WL 1650754, at *2 (C.D. Cal. Apr. 3, 2020) (remanding because FCA failed to meet its burden to show a local dealership was fraudulently joined); *Dun Xie v. FCA US, LLC*, 2020 WL 1676372, at *1 (C.D. Cal. Apr. 3, 2020) (remanding because FCA's argument did "not come close to convincing the Court that Plaintiff fails to state a claim against [the local dealership], let alone that the failure is obvious and cannot be cured by amendment"); *Raul Duenas v. FCA US LLC, et al.*, 2020 WL 1546424, at *4 (C.D. Cal. Apr. 1, 2020) (permitting amendment to add local dealership and remanding); *Magana v. FCA US, LLC*, 2020 WL 1502608, at *1 (C.D. Cal. Mar. 26, 2020) (remanding because FCA's argument fell "far short of convincing the Court that the claim against [the local dealership] is even deficient, let alone obviously deficient and not capable of being cured by amendment"); *Bennett v. FCA US LLC*, 2020 WL 635478, at *3 (C.D. Cal. Feb. 11,

2020) (remanding because FCA failed to meet its burden of showing that the local dealership was fraudulently joined); *Saldivar v. FCA US LLC*, 2019 WL 5310188, at *3 (C.D. Cal. Oct. 21, 2019) (same); *Barillas v. FCA US LLC*, 2019 WL 2865925, at *2 (C.D. Cal. July 2, 2019); *Ruiz v. FCA US LLC*, 2019 WL 4137613, at *3 (C.D. Cal. May 31, 2019) (same); *Gorelick v. FCA US LLC*, 2019 WL 2123570, at *3 (C.D. Cal. May 15, 2019) (same).

FCA has fallen far short of meeting its burden of showing that Scott Robinson was fraudulently joined. Accordingly, this action must be remanded for lack of subject matter jurisdiction. The Court notes that this is the third case in the last five days that the Court has had to *sua sponte* remand because FCA failed to meet its burden of proving fraudulent joinder. The Court must remind FCA's counsel of the obligation of an attorney under Rule 11 of the Federal Rules of Civil Procedure not to remove a case to federal court unless it has a factual and legal basis for doing so. Counsel is hereby advised that the Court will consider imposing sanctions if another similar case is wrongfully removed to federal court after the filing of this order.

**IV. CONCLUSION**

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Because FCA has failed to carry its burden to establish the elements of diversity jurisdiction, the Court *sua sponte* **REMANDS** this action to Los Angeles County Superior Court.

DATED: April 8, 2020

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE